**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| MATTHEW LUNG,<br><br>Plaintiff,<br><br>v.<br><br>HUDSON NEWS COMPANY,<br><br>Defendant, | Civil Action No. 14-2223 (JLL) (JAD)<br><br>REPORT AND<br>RECOMMENDATION |

JOSEPH A. DICKSON, U.S.M.J.

This matter comes before the Court on Order to Show Cause requiring Plaintiff Matthew Lung show cause why the Court should not dismiss this action without prejudice for failure to prosecute. The Court held a hearing on April 16, 2015, where Plaintiff failed to appear. After carefully considering the record, the parties' submissions, and Defendant Hudson News Company's ("Defendant's") oral argument, and for good cause shown; and

**WHEREAS** in its February 23, 2015 Order to Show Cause, the Court set forth the facts prior to the April 16, 2015 hearing. (ECF No. 16). The Court incorporates those facts herein by reference; and

**WHEREAS** Plaintiff submitted a letter to this Court dated April 6, 2015, stating that he "[has] returned to [his] position as a 'nightshift floor personnel' at Hudson News Company." (ECF No. 18). As a result, Plaintiff expressed his willingness to "settle this case with [his employer]"

1

(Id.). He further states his "thoughts and concerns about [his] future with the company." (Id.). First, Plaintiff hopes that Defendant will not retaliate against him following "the dismissal of this case." (Id.). Second, Plaintiff wishes to be treated "with the same fairness and respect as the other employees without any discrimination against [him.]" (Id.). Plaintiff's "final wish" is to have the Defendant "comply with all labor laws." (Id.); and

**WHEREAS** this Court held a hearing on April 16, 2015, where Plaintiff failed to appear; and

**WHEREAS** this Court finds that Plaintiffs' Complaint is subject to sua sponte dismissal given Plaintiffs' protracted and ongoing failure to prosecute the case. Shipman v. Delaware, 381 F. App'x. 162, 164 (3d Cir. 2010) ("A District Court has the authority to dismiss a suit sua sponte for failure to prosecute by virtue of its inherent powers and pursuant to Federal Rule of Civil Procedure 41(b)."). This Court recognizes that, "[w]hen using dismissal as a sanction, a District Court is ordinarily required to consider and balance six factors enumerated in Poulis v. State Farm Fire & Casualty Company, 747 F.2d 863, 868 (3d Cir. 1984). But when a litigant's conduct makes adjudication of the case impossible, such balancing under Poulis is unnecessary." Id. (affirming a District Court's dismissal without consideration of the Poulis factors where the plaintiff failed to engage in discovery and then failed to respond to the Court's request for an explanation regarding those discovery defaults); and

**WHEREAS** Plaintiff's submissions suggest that he is voluntarily dismissing the case. For example, in a letter dated August 19, 2014 Plaintiff stated, "[i]f I am able to get my job back I would like to avoid a conflict by dismissing the case in person." (ECF No. 10, at 1). Again, in a letter dated November 1, 2014, Plaintiff noted that if he returned to his original position, he would "take no further action with this case." In a letter dated December 15, 2014, Plaintiff informed the

Court that he was set to resume his nightshift position the first week of January. (ECF No. 15, at 1). He stated he was "pleased with the . . . outcome" and hopes that "the company's previous unfair action against [him] will not reoccur in the future for [his] benefit and others." (Id.). In his most recent letter, Plaintiff states, "[a]t this point I am willing to settle this case with my employer" and references the dismissal of the case. (ECF No. 18, at 1); and

**WHEREAS** all of these statements, along with Plaintiff's failure to appear at the hearing, suggest that Plaintiff no longer wishes to pursue this action; and

**WHEREAS** Plaintiff has failed to establish good cause sufficient to justify prosecution of this case,

IT IS on this 21st day of April, 2015,

**RECOMMENDED** that Plaintiff's Complaint be dismissed, without prejudice.

_____
JOSEPH A. DICKSON, U.S.M.J.

cc:  Hon. Jose L. Linares, U.S.D.J.